# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2094 | **DATE** | MAY 2 0 2003 |
| **CASE TITLE** | John L. Birch (#B-15189) vs. Jerry Jones, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the accompanying Memorandum Opinion and Order, the defendant Page's motion to dismiss the complaint for failure to state a claim [#29] is denied. The plaintiff's motion "to dismiss" [#31] the motion to dismiss is granted. The defendants Page and Jones are directed to answer or otherwise plead within twenty-one days of the date of this order. The plaintiff's renewed motion for appointment of counsel [#32] is denied. The plaintiff's motion for entry of default [#28] is denied as moot.
(11) ■ [See attached Memorandum Opinion and Order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 2 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 35 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | MAY 2 1 2003 date mailed notice | |
| mjm | courtroom deputy's initials | 03 MAY 20 PM 3:57 Date/time received in central Clerk's Office U.S. DISTRICT COURT | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**

**MAY 2 1 2003**

JOHN L. BIRCH,

      Plaintiff,

v.

JERRY JONES, et al.,

      Defendants.

No. 02 C 2094

U.S. District Judge
Blanche M. Manning

## MEMORANDUM OPINION AND ORDER

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Stateville Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, the plaintiff alleges that he was forced to share his cell, over his repeated protests, with a dangerous and belligerent inmate and that the cellmate soon attacked him. This matter is before the court for consideration of pending motions.

The defendant Page has filed a motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion will be denied. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *reh'g denied*, 405 U.S. 948 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

1

35

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Jones v. Edgar*, 3 F. Supp. 2d 979, 980 (C.D. Ill. 1998).

## FACTS

The complaint alleges the following facts, which will be accepted as true for purposes of the motion to dismiss: The plaintiff is a state prisoner, confined at the Stateville Correctional Center at all times relevant to this action. The defendant James Page was Stateville's warden at the time of the events giving rise to the complaint. The defendant Jerry Jones was the supervisor of the prison's placement office.

On or about October 26, 1999, the defendant Jones placed another inmate (Ivy) in the plaintiff's cell. The plaintiff is Caucasian; Ivy is a militant black Muslim who has expressed a deep hatred of white people. Ivy also has a history of mental illness. Although the plaintiff had gone almost a year up to that date without being disciplined, his cellmate arrived from the segregation unit after serving time for committing violence against other prisoners. The plaintiff and Ivy also apparently had different security classifications (the complaint is unclear on that point).

The plaintiff repeatedly complained to his counselor and two correctional officers that a cell change was needed. Those staffers (who are not named as defendants) threatened the plaintiff with disciplinary segregation and loss of privileges if he refused to accept his cell assignment and cellmate.

2

Several days later, on or about November 2, 1999, Ivy attacked the plaintiff. The plaintiff suffered serious injuries, including a broken nose and broken teeth. He was also wrongfully disciplined for fighting with Ivy. [The disciplinary charges were eventually expunged, according to documents attached to the complaint.]

In response to the motion to dismiss, the plaintiff additionally asserts that the officers of whom he requested a cell change contacted the defendant Jones, the placement supervisor, for approval but that Jones turned down the plaintiff's requests. (Plaintiff's brief at p. 2.) The plaintiff also maintains that the defendants Page and Jones had established an unwritten policy barring cell changes unless made in connection with disciplinary segregation. (*Id.*) The plaintiff further contends that there was a *de facto* rule that "in order to get a cell change, staff would have to see blood first." (*Id.* at p. 3.)

## DISCUSSION

Accepting the factual allegations in the plaintiff's complaint and brief opposing dismissal as true, the court finds that the plaintiff has articulated a colorable cause of action against the defendants under the Civil Rights Act. " 'A plaintiff need not put all of the essential facts in the complaint. He may add them by affidavit or brief' in order to defeat a motion to dismiss if these facts are consistent with the allegations in the complaint." *Hentosh v. Herman M. Finch University*, 167 F.3d 1170, 1173 n.3 (7th Cir. 1999), *quoting Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 963-64 (7th Cir. 1992). The plaintiff claims that there was no effort to ensure his compatibility with his cellmate; that officials knew, in fact, of the strong likelihood of conflict between the plaintiff Ivy; and that there was a policy effectively prohibiting cell changes until after an attack occurred. Under the circumstances described by the plaintiff, his assault is actionable under 42 U.S.C. § 1983.

3

The Eighth Amendment imposes a duty on prison officials to take reasonable steps to protect prisoners from attacks by other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, not every inmate-on-inmate attack one inmate raises the specter of a constitutional violation. *Luttrell v. Nickel*, 129 F.3d 933, 935 (7th Cir. 1997). "Rather, an Eighth Amendment violation exists only if 'deliberate indifference by prison officials effectively condones the attack by allowing it to happen.'" *Langston v. Peters*, 100 F.3d 1235, 1237 (7th Cir. 1996) (citation omitted).

"Deliberate indifference" means recklessness in a criminal, subjective sense; that is, disregarding a risk of danger so substantial that knowledge of the danger can be inferred. *James v. Milwaukee County*, 956 F.2d 696, 700 (7th Cir.), *cert. denied*, 506 U.S. 818 (1992). "Such disregard is tantamount to intending that the injury occur." *Id.* Any act with a state of mind less than intent or criminal recklessness, such as negligence or gross negligence, does not amount to punishment. *Salazar v. City of Chicago*, 940 F.2d 233, 238-39 (7th Cir. 1991); *see also Tesch v. County of Green Lake*, 157 F.3d 465, 474 (7th Cir. 1998).

In order to prevail on a Section 1983 claim for failing to protect, an inmate must show that the defendants knew of the danger that the plaintiff faced, not whether a reasonable person should have known. *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). Usually, a prisoner proves knowledge of the impending harm by demonstrating that he alerted prison officials to an identifiable threat to his safety. *See Farmer*, 511 U.S. at 848. Alternatively, he can show the existence of so substantial a risk of harm that the defendants' knowledge of the risk can be inferred. *Id. Farmer* instructs that to prove that a risk is obvious, a prisoner must show the risk to have been long-standing, pervasive, well-documented, or that it has been expressly noted by prison officials in the past. 511 U.S. at 842.

4

In this case, the plaintiff has failed to allege that he apprised prison officials of any specific threats to his safety. Inmate Ivy's inherent propensity to violence, his mental instability, and his racist attitude would alone be insufficient grounds to render prison officials liable for his apparently sudden, unexpected attack on the plaintiff.

> Prisoners are dangerous (that's why many are confined in the first place). Guards have no control over the temperament of the inmates they supervise, the design of the prisons, the placement of the prisoners, and the ratio of staff to inmates. Some level of brutality and sexual aggression among them is inevitable no matter what the guards do. . . .

*McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991), *cert. denied*, 503 U.S. 907 (1992). Unless prison officials were aware of some specific danger to the plaintiff, he would generally have no cause of action against them for a random attack at a maximum security facility. A prisoner's general dissatisfaction with his cellmate is very different from his alerting prison officials to specific threats to his safety.

Furthermore, the plaintiff does not allege that the defendant Page was personally aware of any conflict between the plaintiff and his cellmate. To the contrary, the plaintiff indicates that he complained to the prison counselor, the cell-house sergeant and a cell-house lieutenant about his incompatibility with his cellmate. It is unclear why the plaintiff chose not to name those individuals as defendants. But as the court noted in its Minute Order of September 10, 2002, it is now too late for the plaintiff to amend his complaint to name the correctional officers and counselor as defendants. A plaintiff cannot invoke the relation back principles of Rule 15(c) to name new defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

Nevertheless, the plaintiff describes a situation where the defendant Page's alleged policies may have exposed him to so substantial or pervasive a risk that the warden's knowledge of the risk can be inferred. *James, supra*, 956 F.2d at 699-700; *Goka v. Bobbitt*, 862 F.2d 646, 650 (7th Cir. 1988). Prison officials must take some minimal measure to screen potential cellmates for compatibility. *See Walsh v. Mellas*, 837 F.2d 789, 797 (7th Cir.), *cert. denied*, 486 U.S. 1061 (1988).

Furthermore, a strict rule against changing inmate cell assignments unless and until bloodshed has occurred, if such a policy exists or existed, would be constitutionally unacceptable. Under *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996), dismissal of a *pro se* complaint on grounds of a lack of active personal involvement is inappropriate where the official's position justifies an inference that the official had some direct involvement in the alleged violation. Here, as in *Antonelli*, an inference of involvement is justified because the plaintiff alleges a "potentially systemic" policy rather than a "clearly localized" constitutional violation. *Id.* at 1428-29. The warden may be held accountable for the assault if the plaintiff can establish that he was callously exposed to an unreasonable risk of harm. It is not the case that the plaintiff could prove "no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972), *reh'g denied*, 405 U.S. 948 (1972).

The court also denies the defendant Page's motion to dismiss on the grounds that he cannot be sued in his official capacity. The Court of Appeals for this circuit has rejected the presumption that a § 1983 suit is automatically assumed to be an official capacity action when the plaintiff fails to designate whether a defendant is sued in his individual or official capacity. *See, e.g., Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000); *Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991). In response to the motion to dismiss, the plaintiff clarifies that he is suing the defendants in their

individual capacities. (Plaintiff's opposing brief at p. 1.) In light of the plaintiff's permissible elaboration of the complaint pursuant to *Hentosh, supra*, 167 F.3d at 1173 n.3, and the liberal pleading standards afforded *pro se* litigants, the court concludes that the plaintiff is suing the defendants in their individual capacities.

The defendant Jones has not specifically joined the motion to dismiss because counsel only recently entered an appearance on his behalf. The court notes that Jones has arguably greater personal involvement than the warden. According to the plaintiff, Jones personally made the decision to place Ivy in the plaintiff's cell; moreover, the cellhouse staff purportedly consulted him about the plaintiff's request for a cell change and he personally denied the request. Both of the defendants must respond to the plaintiff's allegations.

Of course, in order ultimately to prevail on his claims, the plaintiff will have to prove his shocking allegations by a preponderance of the evidence. The record will require further development. The denial of the defendant Page's motion to dismiss is not intended to discourage either party from filing a properly supported motion for summary judgment.

It should nevertheless be noted that the plaintiff has no cognizable federal cause of action with respect to the expunged disciplinary proceedings. "There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process." *Morissette v. Peters*, 45 F. 3d 1119, 1122 (7th Cir. 1995). The administrative review process is part of the due process afforded prisoners. *Id.* Therefore, the plaintiff has no colorable cause of action with respect to the ultimately reversed disciplinary conviction, assuming he is attempting to set forth such a claim in his complaint.

7

In fact, the plaintiff alleges no denial of no due process–only that he should not have faced discipline at all because he was the victim rather than the assailant. [And the plaintiff appears to mention the prison discipline only as an element of his damages for the alleged Eighth Amendment violation.] Although it is most unfortunate that the plaintiff appears to have been wrongfully punished when correctional officers found him fighting with inmate Ivy, he has no separate cause of action for damages under 42 U.S.C. § 1983 for the time he spent in segregation.

State law cannot confer upon prisoners an enforceable liberty interest in avoiding routine deprivations and discomforts of prison life. *Sandin v. Conner*, 515 U.S. 472, 480 (1995). While the State may, under certain circumstances, create liberty interests which are protected by the Due Process Clause, these interests "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. In *Williams v. Ramos*, 71 F. 3d 1246, 1249-50 (7th Cir. 1995), the court held that conditions in the segregation unit at Stateville do not greatly exceed "what one could expect from prison life generally," and that the plaintiff had no liberty interest in avoiding confinement there. Courts in this district have consistently held that confinement in disciplinary segregation in an Illinois prison, under conditions prescribed by Illinois Department of Corrections regulations, is not an atypical and significant deprivation in relation to the ordinary incidents of prison life. *See, e.g., Leslie v. Doyle*, 896 F. Supp. 771, 773 (N.D. Ill. 1995), *aff'd* 125 F.3d 1132 (7th Cir. 1997). Accordingly, the court is treating the complaint as alleging only an Eighth Amendment claim for failure to protect him from harm.

Turning to the plaintiff's motion for appointment of counsel, the motion will be denied at this time. Indigent parties in civil rights actions who are unable to obtain an attorney may apply to the

court for appointment of counsel under 28 U.S.C. § 1915(e)(1). *See McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). However, civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *See Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). The decision to appoint counsel lies within the broad discretion of the court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

In exercising its discretion, a district court is guided by several factors: (1) the merit of the indigent plaintiff's claims; (2) the plaintiff's ability to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed if both sides are represented by counsel; (4) the capability of the indigent litigant to present the case; and (5) the complexity of the legal issues raised. *Swofford v. Maxwell*, 969 F.2d 547, 551 (7th Cir. 1992), *relying on Merritt v. Faulkner*, 697 F.2d 761, 764 (7th Cir. 1983); *see also Maclin v. Freake*, 650 F.2d 885, 887-89 (7th Cir. 1981) (*inter alia*). "[O]nly when the cases are colorable, the facts may be difficult to assemble, and the law is complex" will judges request an attorney to assist the litigant. *DiAngelo v. Illinois Dept. of Public Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989). As an additional threshold consideration, a litigant seeking appointment of *pro bono* counsel must show that he has made a reasonable attempt to retain private counsel, or that he is effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1072.

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although the plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. *See Merritt*, 697 F.2d at 765. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained

9

attorney is necessary. The plaintiff, a highly experienced litigator, appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel will be denied.

Finally, the plaintiff's third motion for entry of default judgment will be denied as moot. The plaintiff correctly points out that the defendant Page filed a belated motion to dismiss after being granted two extensions of time and that the defendant Jones waited more than sixty days after signing a waiver of service to enter an appearance. However, the court discerns no prejudice to the plaintiff resulting from the delays. As the court is hereby denying the defendant Page's motion to dismiss, both of the defendants can jointly answer or otherwise plead within twenty-one days of the date of this order.

## CONCLUSION

For the foregoing reasons, the defendant Page's motion to dismiss the complaint for failure to state a claim upon which relief may be granted [#29] is denied. The plaintiff's motion "to dismiss" [#31] the motion to dismiss is granted. The defendants Page and Jones are directed to answer or otherwise plead within twenty-one days of the date of this order. The plaintiff's renewed motion for appointment of counsel [#32] is denied. The plaintiff's renewed motion for entry of default [#28] is denied as moot.

ENTER:

Dated: MAY 2 0 2003

Blanche M. Manning
BLANCHE M. MANNING
United States District Judge

10